W. SCOTT HOMAN, PLAINTIFF IN ERROR, v. MARY C. HEADLEY, DEFENDANT IN ERROR.

Under the statute relating to married women (*Gen. Stat.*, p. 2015, § 14), which left matters of dealing between husband and wife as at common law, a sale of goods by a husband to his wife, attended by a delivery of the goods sold, will not be sustained by a court of law.

On error to Gloucester Circuit.

Argued at November Term, 1895, before BEASLEY, CHIEF JUSTICE, and Justices MAGIE and LUDLOW.

For the plaintiff in error, *Austin H. Swackhamer.*

For the defendant in error, *Joseph J. Summerill.*

The opinion of the court was delivered by

LUDLOW, J.  The judgment in this case must be reversed.

The chief question herein is whether or not a sale by a husband to his wife, attended by delivery of the thing sold, will be sustained in a court of law in this state.

The opinion of this court on the principle involved was settled in *Woodruff* v. *Apgar*, 13 *Vroom* 198.

While the question in that case arose on a chattel mortgage by the husband to the wife, it goes far enough to determine the matters here involved.  And the ruling of the Chief Justice in that case, which covered the whole ground, may well be considered as the settlement of the points now presented.

In this case it was settled that a sale made by a husband to his wife, unaccompanied by delivery, cannot be enforced in an action at law by force of the statutes of this state relative to married women.  While in that case the question of delivery was made a matter of consideration, it seems to have been only a special point started from the peculiar relation of the respective parties.

But the general principle as to the right of husband and

wife in matters of any dealing with each other by sale or purchase, whether accompanied by delivery or not, is substantially settled.

In the case before us, which was replevin, a constable levied on divers goods and chattels under an execution against the husband. Certain articles—cow, hog and carpet—were particularly claimed by the wife, who was plaintiff in the replevin. On the trial, after proving that these several articles were claimed to be held by the wife, Mrs. Headley, under an alleged purchase by her directly from her husband, the defendant requested the court to charge that the sale of the hog, cow and carpet by the defendant in execution (Headley) to his wife, the plaintiff, is void, and that the jury must find said property to be in the defendant in execution (Headley) and subject to levy. The court refused to so charge and exception was sealed.

The evidence proved that Mrs. Headley, the plaintiff, claimed title to these several articles under an alleged purchase directly from her husband.

This dealing, under our statute and its exceptive clause in section 14 of the Married Woman's act (*Gen. Stat., p.* 2015), which left matters of dealing between husband and wife as at common law, was clearly void and the wife took no title; the said several articles still remained as the property of the husband and liable to levy. The method of delivery, which was part of the transaction, was as void as the attempted sale. The whole transaction, sale as well as delivery, was void at common law. See cases cited in 13 *Vroom* 198, in the opinion of Chief Justice Beasley, and especially his language (page 201) referring to the New Jersey statute: "At all events the will of the legislature is expressed in an unequivocal manner to leave unaltered the *status* of married persons in relation to this subject, and the consequence is the contract in question cannot be carried into effect in a court of law." This covers the whole question and disposes of the matters involved in this case.

The wife had no legal title in the several articles referred to.

The judgment is reversed.